UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND LEE GOINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. DIMACULANGAN, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0034 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On October 11, 2018, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that plaintiff could proceed on a claim arising under the Eighth Amendment against defendant Dr. Truong Bao Le "to the extent plaintiff alleges [Dr. Le was] at least deliberately indifferent to a jaw condition suffered by plaintiff by failing to provide plaintiff with treatment or a referral for treatment." (ECF No. 17 at 2.) Dr. Le has filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Review is generally limited to the complaint. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993). Of course, the court "draw[s] on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[1]

I. Facts Alleged

In his amended complaint, plaintiff alleges as follows:

1. Dr. Le is a physician at San Joaquin General Hospital.

2. On June 27, 2016, after plaintiff had experienced problems with his jaw for about four days, plaintiff was transferred to San Joaquin General from California State Prison, Sacramento (CDP-Sac.) for a broken jaw.[2] After an x-ray confirmed plaintiff's broken jaw, plaintiff was seen by Dr. Le. Dr. Le diagnosed a dislocated and fractured jaw, a contusion and an abscess. Dr. Le indicated plaintiff's injuries were non-emergent and cleared plaintiff to return to CSP-Sac.

3. Plaintiff asserts that during their June 27, 2016 visit, Dr. Le knew plaintiff was in pain.

4. Plaintiff returned to San Joaquin General on July 1, 2016 for surgery on his jaw.

II. Legal Standard

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A prison official is liable for such a violation only when the individual is deliberately

---

[1] Facts identified by plaintiff in his opposition to defendant's motion to dismiss, but not his first amended complaint are not considered for purposes of the motion to dismiss.

[2] Plaintiff does not indicate how he broke his jaw.

2

indifferent to a prisoner's serious medical needs. Id.

Deliberate indifference is established by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Also, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002).

III. Analysis

Dr. Le argues that plaintiff has failed to state a claim for delay or denial of medical care under the Eighth Amendment because plaintiff has not adequately alleged deliberate indifference. Dr. Le asserts that, at best, the allegations amount to a difference of opinion between plaintiff and Dr. Le as to whether plaintiff's jaw condition amounted to a medical emergency. Although the court construes plaintiff's pleadings liberally, the court assumes that a finding of a medical emergency would have resulted in some form of immediate or near immediate corrective treatment as to plaintiff's broken jaw. Plaintiff does not assert what treatment should have been immediately provided, but does state that he received jaw surgery on July 2, 2016. ECF No. 10 at 10.

After reviewing plaintiff's first amended complaint and the briefing with respect to Dr. Le's motion to dismiss, the court agrees with Dr. Le that plaintiff does not state a claim upon which relief could be granted under the Eighth Amendment. Plaintiff fails to point to facts indicating that Dr. Le's not declaring the condition of plaintiff's jaw as "emergent" on June 27, 2016 amounts to deliberate indifference. As indicated above, plaintiff received surgery on his jaw within a matter of days from that visit and plaintiff fails to allege that delay in surgery caused him any significant harm which can be attributed to Dr. Le. Further, it is important to note that the facts identified by plaintiff in his amended complaint indicate that plaintiff was under almost constant medical care from staff at CSP-Sac. from June 27, 2016, when staff identified that plaintiff had a broken jaw and ordered that he be sent to San Joaquin General, until well after his surgery on July 2; plaintiff does not assert Dr. Le should have done anything other than declare plaintiff "emergent." This being the case, the court concludes that Dr. Le was only responsible for determining whether plaintiff needed immediate corrective care on June 27, 2016 and not other aspects of plaintiff's care such as prescriptions for medication or conditions of confinement at CSP-Sac.

In light of the foregoing, the court will recommend that defendant Dr. Le's motion to dismiss be granted and that plaintiff's remaining Eighth Amendment claim against Dr. Le be dismissed.

IT IS HEREBY RECOMMENDED that:

1. Defendant Dr. Le's motion to dismiss (ECF No. 62) be granted; and

2. Plaintiff's remaining claim against defendant Dr. Le arising under the Eighth Amendment be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 8, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
goin0034.dis(2)

5