UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND LEE GOINS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. DIMACULANGAN, et al.,<br><br>    Defendants. | No. 2:18-cv-0034 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On October 11, 2018, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that plaintiff could proceed on a claim arising under the Eighth Amendment against defendant Dr. Ashok Veeranki "to the extent plaintiff alleges [Dr. Veeranki was] at least deliberately indifferent to a jaw condition suffered by plaintiff by failing to provide plaintiff with treatment or a referral for treatment." Dr. Veeranki has filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

1

statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Review is generally limited to the complaint. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993). Of course, the court "draw[s] on its judicial experience and common sense." Iqbal, 556 U.S. at 679.[1]

A. Factual Allegations

The allegations in plaintiff's amended complaint which are relevant to plaintiff's remaining claim against Dr. Veeranki are as follows:

1. Dr. Veeranki is an oral surgeon employed at San Joaquin General Hospital.

2. On July 1, 2016, plaintiff was transported from California State Prison, Sacramento (CSP-Sac.) to San Joaquin General for surgery on a fractured jaw.

3. The next day, plaintiff was informed by Dr. Veeranki that he would be conducting the surgery. When the surgery was performed, Dr. Veeranki reduced the fracture, then wired plaintiff's jaw shut.

4. Plaintiff was then discharged back to CSP-Sac.

5. On July 26, 2016, plaintiff was transported to Manteca to see Dr. Veeranki for a follow-up visit. In his amended complaint, plaintiff details several issues he had with his jaw between surgery and his first follow-up. Plaintiff alleges that he specifically informed Dr. Veernaki at the first follow-up appointment that the night he had surgery, he felt his repaired bone "g[i]ve way." Plaintiff also told Dr. Veeranki that since the surgery he had experienced varying

---

[1] Facts identified by plaintiff in his opposition to defendant's motion to dismiss, but not his first amended complaint are not considered for purposes of the motion to dismiss.

degrees of pain, jaw instability and a sensation similar to having gauze in his mouth. Dr. Veeranki indicated to plaintiff that "plaintiff was healing well, but in pain."

6. On August 17, 2016 plaintiff was transported to San Joaquin General for a second follow-up visit with Dr. Veeranki. Plaintiff again informed Dr. Veeranki he was experiencing a sensation similar to having gauze stuck in his cheek, that his jaw had been unstable, it felt as if his jaw was still broken, and he had continuously experienced varying levels of pain.

7. In response, Dr. Veeranki told plaintiff that the issues with his jaw were all part of being in prison and if he did not want his jaw to hurt, he should not commit crimes. Dr. Veeranki then removed the screws and wires from plaintiff's mouth, informed plaintiff that Dr. Veeranki's treatment was over and indicated that plaintiff had healed well.

8. On October 26, 2016, plaintiff returned to San Joaquin General for evaluation by Dr. Alexander Ierokmos. A CT scan was performed. Dr. Ierokmos informed plaintiff that his jaw had healed in the position it was prior to surgery and that plaintiff suffered from pain at that point at least partially due to trapped nerves. Plaintiff was also informed by Dr. Ierokmos that to correct the issue "major corrective surgery" was necessary and that if he would have seen plaintiff sooner it would not have been necessary.

B. Legal Standards

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A prison official is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.

Deliberate indifference is established by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Also, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional

violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002).

  C. Analysis

  Dr. Veeranki argues that plaintiff has failed to state a claim for delay or denial of medical care under the Eighth Amendment because plaintiff has not adequately alleged deliberate indifference. The court disagrees. Plaintiff essentially alleges that Dr. Veeranki ignored plaintiff's complaints that he felt his repaired bone "g[i]ve way," and that since the surgery he had experienced varying degrees of pain and jaw instability. About two months after his last visit with Dr. Veeranki, plaintiff received confirmation that his jaw was out of alignment, as it was prior to surgery, which was causing plaintiff pain. This being the case and considering the allegations in the light most favorable to plaintiff, plaintiff has adequately alleged a failure to respond to serious medical need and harm caused thereby.

  Further, Dr. Veeranki's alleged statement that plaintiff should stay out of prison to avoid pain in his jaw is an allegation of fact which could support a finding that Dr. Veeranki deliberately denied plaintiff care for a serious medical need for an improper reason.

  Accordingly, IT IS HEREBY RECOMMENDED that:

  1. Defendant Dr. Veeranki's motion to dismiss (ECF No. 64) be denied; and

  2. Dr. Veeranki be ordered to file his answer to plaintiff's first amended complaint within fourteen days.

  These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 9, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
goin0034.dis